**Donald FREIN, Plaintiff-Respondent,**

v.

**MADESCO INVESTMENT CORPORA-TION, a corporation Defendant-Appellant.**

**No. 51942.**

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 4, 1987.

Motion for Rehearing and/or Transfer Denied Sept. 9, 1987.

Larry Michael Bauer, St. Louis, for defendant-appellant.

Sidney Fortus, Clayton, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from a judgment against it in accord with a jury verdict in an employment case. Plaintiff brought his action in five counts. The first was for violation of the service letter statute. Sec. 290.140 RSMo 1986. The jury awarded plaintiff $1 actual and $60,000 punitive damages. The court set aside the award of punitive damages. No appeal has been taken from Count I. Count II sought damages for bonuses promised plaintiff but not paid. Counts III and IV sought similar recoveries for vacation pay and car allowance respectively. The jury awarded a to-tal of $15,937 on these three counts. Count V sought recovery of the last two weeks pay which was not paid to plaintiff. The court directed a verdict for plaintiff on that count and no appeal was taken from that count. We affirm.

Defendant's only point on appeal is that the trial court erred in precluding defendant from introducing evidence that plaintiff was terminated by his previous employer for acts of misconduct including stealing, drunkenness, and abusive conduct toward other employees.

Plaintiff's prior employer was Apted-Hullings which operated a restaurant in a hotel owned and operated by defendant. Plaintiff was manager of that restaurant. He was hired by defendant in either October or November 1979 as food and beverage Director for defendant's hotel in St. Petersburg, Florida. Plaintiff testified that at the time of his employment he was orally promised a bonus of 10% of net profits from the restaurant and beverage operation and two weeks paid vacation. The operation in Florida was operating at a loss when plaintiff was sent there. When he was brought back to St. Louis the operation was still incurring a loss but at a lesser rate. Upon his return to St. Louis in April 1980, plaintiff received a raise of $2,000. In August 1980 he was promoted to Corporate and Beverage Director of defendant and his salary was increased by $2400. At the same time plaintiff testified that he was promised a bonus of 10% of the net profits from defendant's operations at the Holiday Riverfront restaurant and Jackie's Place—a food and beverage operation in St. Louis County. He was also offered a car allowance of $75 per month in lieu of a company car and the vacation pay offer was again made. A month later plaintiff was promoted to Vice-President and received an increase in pay of $2,600. In November, 1981, plaintiff was discharged. He sought recovery of the bonus, vacation pay, and car allowance from August 1, 1980, until time of termination. Defendant denied that it had made any agreement to pay plaintiff any of the three items.

Defendant's theory is that if it had been allowed to establish that in 1979 plaintiff was about to be terminated by Apted-Hullings for misconduct and that this was known to both plaintiff and defendant, it would create an inference that plaintiff was in no bargaining position to insist on the items covered by Counts II through IV.

It is questionable that this matter has been preserved for appeal. Prior to trial plaintiff filed its motion in limine to prohibit introduction of this evidence. The ground for this motion was that the evidence was irrelevant to plaintiff's service letter claim. In its response defendant asserted it was relevant to the punitive damages issue. It also asserted it was relevant for the reasons it now asserts on appeal. At the argument before the trial court on the motion in limine the only ground for relevance urged by defendant was on the basis of the claim for punitive damages on the service letter count. No argument was addressed to defendant's present contention. The motion in limine was sustained. At trial defendant made an offer of proof as to the content of the proposed evidence. Plaintiff objected to the offer on the basis it was extraneous to the service letter count. Defendant responded only to that objection and did not advance any contention as to relevance as to Counts II, III, and IV.

 It is the obligation of a party to bring to the attention of the trial court its position as to relevancy of evidence offered. Such position should be included in the offer of proof. *Bender v. Burlington-Northern Railroad Company,* 654 S.W.2d 194 (Mo.App.1983) [2, 3]. A motion in limine is an interlocutory order, subject to reconsideration during trial. While defendant raised the present objection in its written response to the motion in limine it did not repeat that contention at the hearing on that motion and more importantly did not advance that justification at trial. It cannot advance a theory of admissibility on appeal different from that advanced at trial. *Atherton v. Kansas City Power & Light Co.,* 356 Mo. 505, 202 S.W.2d 59 (1947) [6, 7]; *Edmonston v. Jones,* 96 Mo.

App. 83, 69 S.W. 741, 743 (1902). We do not find defendant adequately preserved the point.

 Were we to review the point on the merits we would find no error. Plaintiff sought recovery on the basis of oral promises made in August 1980. By that time he had been an employee of defendant for at least nine months. Defendant's offered evidence went to the original hiring in 1979. Plaintiff did not seek to recover upon offers made at that time and defendant's evidence was relevant only to those offers. By August 1980 plaintiff had received two salary increases and at least one promotion. Plaintiff's bargaining position in 1979 is of no relevance to his bargaining position in August 1980, when the promises upon which he relies were made. The evidence would tend to confuse the jury, and whatever tenuous relevance it might have was outweighed by its prejudicial nature. *Switzer v. Switzer,* 373 S.W.2d 930 (Mo. 1964) [13–17].

Judgment affirmed.

DOWD and REINHARD, JJ., concur.