Lisa S. HACKMAN and Harold W. Hackman, Jr., Appellants,

v.

Ray W. KINDRICK, and Marilyn Turner, and Annavere MacDannald, Respondents.

No. 64444.

Missouri Court of Appeals, Eastern District, Division Three.

June 7, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 28, 1994.

Application to Transfer Denied Sept. 20, 1994.

Jack C. Stewart, Hillsboro, for appellants.

Samuel T. Vandover, St. Louis, Jeffrey S. Maguire, Cape Girardeau, for respondents.

Annavere MacDannald, pro se.

SMITH, Judge.

Appellants, Lisa and Harold Hackman, appeal from a judgment based on a jury verdict in a wrongful death action based on the death of their 18 month old son, Cord. The jury found for defendants Ray Kindrick and Marilyn Turner and against Annavere Mac-Dannald. It assessed plaintiffs' damages at $36,000. MacDannald did not appeal. We affirm.

On July 11, 1991, Lisa Hackman left decedent under the care and supervision of his grandmother, Turner. Turner took decedent to visit MacDannald, the child's great grandmother. While at MacDannald's home, decedent was left on the front porch with MacDannald while Turner went inside the house to answer a telephone call from Lisa Hackman. Kindrick was at MacDannald's home to look at a damaged gate. After inspecting the gate Kindrick returned to his truck which was parked along the front of the house. MacDannald walked to the truck to ask Kindrick about the gate. During this conversation MacDannald was standing at the driver side window with Kindrick sitting behind the wheel of his truck. After the conversation Kindrick began to drive away. His truck made contact with decedent causing the fatal injury. Recovery was sought against Kindrick for failure to keep a careful lookout and against Turner and MacDannald for negligence in supervising and safeguarding decedent.

Prior to trial a deposition was taken of Dr. Margreiter, the treating physician in the emergency room. Dr. Margreiter testified, without objection, that other people on the emergency room staff and members of the family told her decedent was in front of the truck when he was struck. At trial, Kindrick objected to plaintiffs' use of that portion of Dr. Margreiter's deposition testimony. The trial court sustained the objection.

At trial plaintiffs entered into evidence blood stained articles of clothing worn by people who had held decedent as they were taking him to the emergency room. The trial court later issued a withdrawal instruction removing the articles of clothing from the jury's consideration.

At the conclusion of the trial plaintiffs proffered two instructions which the trial court refused. The first was a modified form of MAI 11.02 I defining "negligence" or "negligent". Plaintiffs' modification sought a more demanding standard of care in relation to the supervision of children. The second proffered instruction authorized damages for pain and suffering on the part of the decedent between the time he was injured and the time he died.

Plaintiffs' first two points on appeal attack the trial court's action in excluding portions of Dr. Margreiter's deposition testimony. Specifically, plaintiffs object to the exclusion of Dr. Margreiter's deposition responses stating, "the other people in the emergency room staff who had been there earlier basically told me he had been in front of a truck that was at a standstill when the truck started to accelerate to leave," and, "after talking with the family, it was apparent that the child had been in the path of the truck". Plaintiffs contend Dr. Margreiter's statements are admissible because they are "med-

ical history" which formed part of the basis for her medical opinion.

■ Admission or exclusion of expert evidence is a matter left to the discretion of the trial court. *Inman v. Bi–State Development Agency,* 849 S.W.2d 681 (Mo.App.1993) [1, 2]. Generally, a medical expert may not base an opinion on the medical history given by the patient as it is hearsay. *Schears v. Missouri Pacific Railroad Company,* 355 S.W.2d 314 (Mo.1962) [1]; *Jackson v. H.D. Lee Co., Inc.,* 772 S.W.2d 742 (Mo.App.1989) [4–6]. However, the history is admissible where the opinion is based on a medical history supported by competent evidence which has already been introduced. *Jackson, supra.*

■ Dr. Margreiter's testimony that decedent was in front of the truck was history not supported by any evidence, and was thus properly excluded. The position of decedent was a contested fact at trial. The testimony established that no one at the scene of the accident saw the position of the decedent relative to the truck immediately prior to the accident. No physical evidence placed decedent in front of the truck. Plaintiffs sought to utilize what was hearsay or double hearsay to establish a key fact at least as to Kindrick. The testimony was not offered to support a medical opinion of the cause of death (to which it was largely irrelevant) but, as plaintiffs state in their brief, to establish "that the decedent had been in front of the truck at the time of impact". The testimony was hearsay and properly excluded.

■ Plaintiffs also contend the trial court erred in disallowing Dr. Margreiter's deposition testimony on the basis that the objection was waived because defendants failed to object at the deposition. Plaintiffs cite Rule 57.07(d)(3)(B) which provides:

"Errors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation, or in the conduct of parties and errors of any kind which might be obviated, removed, or cured if promptly presented, are waived unless seasonable objection thereto is made at the taking of the deposition."

Defendants' objection to the proffered testimony was not as to its form, but because it was hearsay and therefore incompetent. This defect in the testimony could not be cured at the deposition by prompt presentation. Rule 57.07(d)(3)(A). Defendants' objection at trial was timely made. There was no error in sustaining the objection to the testimony.

Plaintiffs' third assignment of error contends the trial court erred in using Missouri Approved Jury Instruction 11.02 I defining "negligent" or "negligence" as to Turner and MacDannald. The instruction given to the jury read, "[t]he term 'negligent' or 'negligence' as used in this instruction means the failure to use that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances". The instruction offered by plaintiffs would have read, "[t]he term 'negligent' or 'negligence' as applied to one who supervises children means the failure to use that degree of care that an ordinarily careful and prudent person exercising increased vigilance and caution would use under the same or similar circumstances."

■ A trial court's refusal to submit a tendered instruction is reviewed only for abuse of discretion. *Titsworth v. Powell,* 776 S.W.2d 416 (Mo.App.1989) [16, 17]. Where a Missouri Approved Jury Instruction is applicable its use is mandatory. *Jarrell v. Fort Worth Steel & Manufacturing Co.,* 666 S.W.2d 828 (Mo.App.1984) [19]. To establish reversible error, the complaining party must show that, under all the evidence, the instruction was a misdirection to the jury resulting in prejudicial error. *Yoos v. Jewish Hospital of St. Louis,* 645 S.W.2d 177 (Mo. App.1982) [12].

■ Plaintiffs contend their proffered instruction is appropriate because it more accurately reflects the substantive law governing the case. Specifically, plaintiffs contend that supervision of children requires "more vigilance and caution." They conclude that use of MAI 11.02 I was misleading because it allowed the jury to consider a reduced standard of care. The duty owed for the supervision of children is merely ordinary care. *Smith v. The Archbishop of St. Louis,* 632 S.W.2d 516 (Mo.App.1982) [3, 4]. Such ordi-

nary care requires more vigilance and caution than would be true where adults are concerned especially where there is a dangerous condition which the supervisor should be aware of. *Swain v. Simon*, 699 S.W.2d 769 (Mo.App.1985) [5].

The trial court did not abuse its discretion by using MAI 11.02 I. The instruction to the jury required it to consider the "degree of care that an ordinarily careful and prudent person would use *under the same or similar circumstances*". The jury was well aware the decedent was an infant. The instruction given mandated that Turner and MacDannald be judged on the basis of supervision of a child of decedent's age as that was the same or similar circumstances. The verdict in favor of Turner and against MacDannald indicates the jury did not incorrectly understand the standard of care and was not misdirected.

Plaintiffs' fourth and fifth assignments of error go to jury instructions relating to the issue of damages. Since there was no finding of liability on the part of defendants Kindrick and Turner, there can be no claim of prejudicial error as to them. *Insurance Company of North America v. Skyway Aviation, Inc.,* 828 S.W.2d 888 (Mo.App.1992) [13]. A reversal on those points could warrant retrial against MacDannald so we shall address the points.

Plaintiffs' fourth and fifth assignments of error claim the trial court erred in issuing a withdrawal instruction and refusing to issue a proffered instruction. Both points relate solely to plaintiffs' claim they should have been able to recover damages for the pain and suffering of the decedent between the time of injury and death. The withdrawal instruction removed from the jury's consideration the bloodied clothing worn by people taking the decedent to the emergency room. Plaintiffs contend the bloodied clothing is substantial evidence decedent was still alive after his injury, and thus should allow the jury to assess damages for the pain and suffering prior to his death.

The trial court did not abuse its discretion in withdrawing the clothing from consideration by the jury. The evidence was offered to prove decedent survived for a period of time after sustaining injury. Review of the transcript indicates plaintiffs did not introduce evidence showing decedent exhibited any signs of life after he was injured. They produced no expert evidence that the bleeding signified decedent was still alive. The presence of blood, without more, does not constitute substantial evidence that decedent was still alive. Additionally, no evidence was introduced indicating decedent regained consciousness after injury. This would negate a claim for damages based on the pain and suffering of the decedent. Given the absence of substantial evidence and the potential prejudice which might occur, the trial court was well within its discretion to remove consideration of the bloodied clothing and the issue of additional damages from the jury. For the same reasons it was not error for the trial court to refuse an instruction authorizing recovery for pain and suffering of the decedent.

We need not address Turner's contention that no submissible case against her was made.

Judgment affirmed.

SIMON, P.J., and PUDLOWSKI, J., concur.