Steve QUINN, Plaintiff–Respondent,

v.

Vicky LENAU and Timothy Luaders, Defendants–Appellants.

No. 74013.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 4, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 3, 1999.

Application for Transfer Denied
Aug. 24, 1999.

Richard A. Tjepkema, Clayton, for appellant.

Mark Robert Bahn, Fenton, Daniel Mohs, St. Louis, for respondent.

LAWRENCE E. MOONEY, Judge.

Timothy Luaders ("Luaders") and Vicky Lenau ("Lenau"), who are collectively referred to as "Defendants" throughout this opinion, appeal from a judgment entered on a jury verdict in favor of Steve Quinn ("Plaintiff") in a lawsuit for personal injuries sustained when Plaintiff fell from a tree located on Lenau's property. Defendants raise four claims of error on appeal: (1) that the trial court erred in denying Defendants' Motions for Judgment Notwithstanding the Verdict ("Motions for JNOV") in that Plaintiff failed to prove that Defendants had a duty to warn of the notch in the tree, because the condition was open and obvious as a matter of law; (2) that the trial court erred in denying the Defendants' Motions for JNOV in that Plaintiff failed to prove that any failure to warn on the part of Defendants was the proximate cause of Plaintiff's injuries; (3) that the trial court erred in not granting Defendants' Motions for New Trial in that the trial court abused its discretion in refusing to submit Defendants' proposed affirmative converse instruction to the jury, because the evidence supported an instruction submitting that Plaintiff was a mere trespasser at the time of his injury; and (4) that the trial court erred in not granting the Defendants' Motions for New Trial in that the verdict director submitted to the jury erroneously stated that the alleged failure to warn was a breach of ordinary care, and that the verdict director was not supported by substantial evidence that the alleged failure to warn was the proximate cause of Plaintiff's injuries. We affirm.

In their first two points on appeal, Defendants claim that the trial court erred in denying their Motions for JNOV. A JNOV motion challenges the submissibility of plaintiff's case. *Allstates Trans-*

*world Vanlines, Inc. v. Southwestern Bell Telephone Co.*, 937 S.W.2d 314, 316 (Mo. App. E.D.1996). To make a submissible case, a plaintiff must present substantial evidence for every fact essential to liability. *Id.* On review of the denial of a motion JNOV, we view the evidence and all reasonable inferences therefrom in the light most favorable to the prevailing party, disregarding all contrary evidence and inferences. *Neighbors v. Wolfson*, 926 S.W.2d 35, 38 (Mo.App. E.D.1996). With this standard of review in mind, we turn to the facts of this case.

## FACTS

On the morning of Sunday, November 15, 1992, Luaders began cutting down a large pine tree in the yard of the home he shared with homeowner Lenau. The tree was in the shape of the letter "Y." Approximately 30 feet up the tree, the main trunk forked into two limbs to form a V-shape. Because the right limb of the V-shape had grown close to Defendants' house, Luaders decided to pull the limb away from the house while it was being taken down to prevent it from falling onto the house. Using a chainsaw, Luaders made a cut in the limb to weaken it, making it easier to pull down with ropes.

Luaders eventually concluded that he needed help bringing down the tree. At around noon, he went to ask for the assistance of Plaintiff, a neighbor who lived down the street. Plaintiff agreed to help.

Once Plaintiff arrived at Defendants' yard, the two men discussed the situation. Plaintiff noticed that a rope had been tied to the right limb of the tree approximately five to six feet above the nadir of the V-shape. Plaintiff testified that he assumed that Luaders had made a cut to the limb, because this would be the only way to get the limb down. However, Plaintiff testified that no cuts were made to the branch in his presence. Joe Clements, a neighbor of the Defendants who sporadically witnessed the events of the day, confirmed that Plaintiff was never present when Luaders made any cut to the tree.

Using the ropes, Luaders and Plaintiff first tried to pull the limb down manually and then with the force of Plaintiff's ¾ ton van. Neither method brought down the limb.

Plaintiff then left for a while to jump-start another neighbor's car. When Plaintiff returned, the two men again discussed how to remove the right limb of the tree. Plaintiff acknowledged that it was his idea to position the rope higher above the notch on the limb to get a better angle, and that because he felt he knew more than Luaders about how to tie the rope, he volunteered to climb the tree to do so.

Plaintiff testified that he did not remember or was not sure whether Luaders had warned him that it would not be safe to climb the tree to move the rope. Plaintiff further stated that he could not see the notch in the tree from the ground, but that it was visible once he had climbed the tree. However, he also noted that there was moss in this area of the tree that prevented him from seeing the depth of the cut.

Plaintiff was in the tree trying to readjust the rope when the limb snapped, causing Plaintiff and the limb to fall to the ground. Plaintiff testified that at the time of the fall, he was standing with his feet below the notch and his head just above or level with the notch. Plaintiff landed on his feet suffering severe injuries to both of his feet and ankles.

Plaintiff filed suit against both Luaders and Lenau. Plaintiff alleged that Luaders was acting as Lenau's agent at the time of his injury and that Lenau should incur liability for the negligent acts of her agent. The case was tried before a jury, which returned a verdict of $200,000 in favor of Plaintiff, attributing 60% of the fault to Luaders and 40% of the fault to Plaintiff. The jury also found that Luaders was acting as Lenau's agent. Subsequently, the Defendants filed Motions for Judgment Notwithstanding the Verdict and Motions for New Trial. The trial court failed to rule on the motions within the ninety days allowed under Rule 78.06. Defendants

filed their notice of appeal on March 4, 1998. On April 13, 1998, the trial court entered judgment nunc pro tunc denying Defendants' post-trial motions and entering judgment in favor of Plaintiff against both Defendants.

## ANALYSIS

### The Duty of a Possessor of Land

In their first point of error, Defendants argue that the trial court erred in denying their Motions for JNOV in that Plaintiff failed to prove that Luaders had a duty to warn of the notch in the tree.

■ Generally, the duty owed to an invitee by the possessor of land is the exercise of reasonable and ordinary care in making the premises safe. *Smith v. Wal-Mart Stores, Inc.,* 967 S.W.2d 198, 203 (Mo.App. E.D.1998). A possessor of land is liable when his or her "conduct falls below the applicable standard of care designed to protect against an unreasonable risk of harm." *Id.* at 203–204, *quoting Hellmann v. Droege's Super Market, Inc.,* 943 S.W.2d 655, 658 (Mo.App. E.D.1997). The applicable standard of care is a question of law for the court, and the determination of whether the possessor of land fell below that standard of care is a question of fact for the jury. *Id.* at 204.

Our Supreme Court has adopted Section 343 of the Restatement (Second) of Torts, as an accurate statement of the applicable standard of care owed by a possessor of land with respect to invitees. *Harris v. Niehaus,* 857 S.W.2d 222, 226 (Mo. banc 1993). Section 343 provides that a possessor of land is liable for injuries caused to his invitees by a condition on his land, if and only if, he:

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

■ Applying Section 343 to the facts of this case, it is clear that Plaintiff made a submissible case. With respect to the first element, Luaders obviously knew of the dangerous condition created by the notch he cut in the tree. Whether Luaders should have realized that the notch in the tree presented an unreasonable risk of harm to invitees is subject to reasonable dispute and is thus a question reserved for the jury. *Id.*

■ Defendants argue, however, that Plaintiff's case fails under the second element of Section 343. They contend that because Plaintiff admitted he was aware of notch's existence in the tree, it was an open and obvious condition as a matter of law, thus relieving Defendants of any duty to warn. It is true that under the second element of Section 343, a possessor's actions do not fall below the applicable standard of care if the possessor failed to protect invitees against conditions *that are open and obvious as a matter of law. Id.* However, contrary to Defendants' assertion, we cannot say in this case that the danger posed by the notch in the tree was open and obvious as a matter of law. Plaintiff, even though aware of the existence of a cut in the tree, might not have realized the danger posed by the cut. First, Plaintiff was ignorant of the depth of the cut as he was not present when the cut was made. Further, Plaintiff testified that there was moss in the area of the tree in which the notch was located, obscuring his view of the notch. Based on this testimony, we cannot say that the danger posed by the notch was open and obvious as a matter of law. Accordingly, we find that Plaintiff presented a submissible case on the second element of Section 343, and thus whether Luaders should have expected that Plaintiff would not realize the danger posed by the cut in the tree was a question for the jury. *Id.*

■ The final element of Section 343 therefore imposed upon Luaders a duty to warn Plaintiff of the danger so that Plaintiff could intelligently decide whether or

not to accept the invitation, or could protect himself against the danger if he did accept it. Whether Luaders' conduct satisfied this duty was again a question to be determined by the jury. *Smith v. Wal–Mart Stores, Inc.,* 967 S.W.2d at 204. In this case, the jury assessed 60% of the fault to Luaders, thus finding that his conduct fell below the standard of care imposed on him by law. We will not disturb this finding on appeal.

Thus, viewing the evidence in the light most favorable to Plaintiff, Defendant was not entitled to judgment as a matter of law. The trial court did not err in refusing to grant Defendants' JNOV Motions. Point denied.

### Causation

In their second point of error, Defendants contend that Plaintiff failed to prove that any failure to warn on their part was the proximate cause of Plaintiff's injuries. They assert that because Plaintiff· was aware of the notch in the tree, a warning would serve no purpose and thus the failure to warn could not have caused Plaintiff's injuries. Plaintiff argues that although he may have been aware of the existence of a notch in the tree, he was unaware of the nature and extent of the notch, and thus could not appreciate any danger posed thereby.

■ In any claim of negligence, plaintiff must prove both cause in fact and proximate cause. *Peterson v. Summit Fitness, Inc.,* 920 S.W.2d 928, 936 (Mo. App. W.D.1996). To satisfy the element of causation, plaintiff must establish that in the absence of the negligence alleged, the injury would not have occurred. *Id.* However, plaintiff need not prove that a warning would have prevented his injuries *with certainty. Rust v. Hammons,* 929 S.W.2d 834, 839 (Mo.App. W.D.1996) (emphasis added). "If reasonable minds could differ on the question of proximate cause, then it is an issue to be determined by the jury." *George v. Howard Const. Co.,* 604 S.W.2d 685, 692 (Mo.App. W.D.1980). On review, we must thus determine whether reasonable minds could differ on this issue.

■ Viewing the evidence in the light most favorable to Plaintiff, we cannot say as a matter of law that Plaintiff failed to prove a causal connection between Luaders' failure to warn and Plaintiff's injuries. In any claim of failure to warn, there is inherently a requirement that the warning adequately apprise the other party of the nature of the risk involved. *See Nappier v. Kincade,* 666 S.W.2d 858, 860 (Mo.App. E.D.1984). Here, although Plaintiff may have been aware of the existence of a cut in the tree, Luaders had superior knowledge of the nature and depth of that cut. Reasonable minds could differ on whether Plaintiff would still have ventured up the tree had Luaders imparted such knowledge to Plaintiff. Therefore, based on the record before us, we cannot say that the trial court erred in refusing to grant Defendants' Motions for JNOV. Point denied.

### Jury Instructions

In their two final points on appeal, Defendants cite alleged errors in the instructions given to the jury by the trial court.

At the instruction conference, Luaders tendered the following instruction, based upon MAI 33.05(1) and 37.04:

> "In your verdict, you must not assess a percentage of fault to Defendant Luaders if you believe Defendant Luaders asked Plaintiff not to climb the tree described in the evidence before Plaintiff started climbing up the trunk."

Defendants claim error in the trial court's refusal to give this instruction.

■ The standard of review on the trial court's refusal to give a tendered instruction is abuse of discretion. *Linton v. Missouri Highway Transp. Com'n,* 980 S.W.2d 4, 10 (Mo.App. E.D.1998); *Titsworth v. Powell,* 776 S.W.2d 416, 423 (Mo. App. E.D.1989).

■ The rejected instruction is an affirmative converse instruction, the use of which is disfavored in Missouri. *Hiers v. Lemley,* 834 S.W.2d 729, 736 (Mo. banc 1992). However, when appropriate, a defendant may use an affirmative converse instruction to submit an ultimate issue to the jury that was erroneously excluded from plaintiff's verdict director. *Id.* Such instructions allow the defendant to affirmatively propose an ultimate issue, which, if true, will defeat the plaintiff's right to recover. *Powers v. Ellfeldt,* 768 S.W.2d 142, 145 (Mo.App. W.D.1989).

■ Here, Defendants argue that in proceeding up the tree after being warned not to do so by Luaders, Plaintiff exceeded the scope of his invitation and thereby became a trespasser. Defendants correctly note that, in general, landowners owe no duty to trespassers. *Seward v. Terminal R.R. Ass'n of St. Louis,* 854 S.W.2d 426, 428 (Mo. banc 1993). Defendants claim that because Plaintiff's verdict director erroneously assumed that Plaintiff was an invitee at the time he climbed the tree, an affirmative converse instruction was needed to submit this disputed ultimate issue to the jury.

■ However, in accordance with Rule 70.02(b), an affirmative converse should hypothesize only those facts that submit an ultimate issue and avoid submission of unnecessary evidentiary detail. *Hiers,* 834 S.W.2d at 736. Rule 70.02(b) provides that "where there is no applicable MAI so that an instruction not in MAI must be given, then...such instructions... shall not submit to the jury or require findings of detailed evidentiary facts." There is no precise definition that differentiates evidentiary facts from ultimate facts, rather the question must be decided on a case by case basis. *Brown v. Van Noy,* 879 S.W.2d 667, 672–673 (Mo.App. W.D.1994).

■ The ultimate fact at issue here was whether Plaintiff, by exceeding the scope of his invitation, had assumed the status of a trespasser at the time of his injury. However, Defendants' proposed instruction simply states that Luaders asked Plaintiff not to climb the tree before Plaintiff started climbing up the trunk. Even if the trial court had given the proposed instruction to the jury, and the jury had found in Defendants' favor on this issue, the instruction did not require an explicit finding that Plaintiff was a trespasser because he had exceeded the scope of his invitation. Of course, such a finding is necessary to relieve Defendants of their duty to exercise reasonable care. Thus, Defendants' proposed instruction violated the prohibition contained in Rule 70.02(b) against submitting detailed evidentiary facts and was properly rejected by the trial court. Point denied.

■ In their final point on appeal, Defendants argue that the verdict director given to the jury erred in stating that the alleged failure to warn was a breach of ordinary care. They further claim that the verdict director was not supported by substantial evidence in stating that the alleged failure to warn was the proximate cause of the Plaintiff's injuries.

Plaintiff contends that because this objection was not included in a motion for new trial, the issue is not preserved for appellate review. We agree. Although Defendants objected to submission of the instruction at the instruction conference, they failed to include such objections in either their Motions for Judgment Notwithstanding the Verdict or Motions for New Trial. Accordingly, the issue is not preserved for appeal. Rules 70.03, 78.07; *Lohmann By and Through Lohmann v. Norfolk & Western Ry. Co.,* 948 S.W.2d 659, 666–667 (Mo.App. W.D.1997).

The judgment is affirmed.

SIMON, P.J., and CRANE, J., concur.